UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL EMERY, No. 443938,

                                                    Hon. Denise Page Hood
                                                    Case No. 2:13-cv-13607

                    Plaintiffs,


KEVIN J. MORGEL,

                    Defendant.
_____/


## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  Introduction

Before the Court is Plaintiff Neil Emery's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983.  Plaintiff is a state prisoner currently confined at the Cooper Street Correctional Facility in Jackson, Michigan.  For the reasons stated below, the complaint is **SUMMARILY DISMISSED.**

### II.  Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490

U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  **Complaint**

Plaintiff claims that on March 28, 2013, he took a legal disbursement form and legal mail to Defendant, a corrections officer, for processing. The legal mail was addressed to the Friend of the Court for the Ottawa Circuit Court, and it requested an account summary for a support order. Plaintiff alleges that Defendant refused to process the mail because he determined that it did not constitute legal mail under Michigan Department of Corrections policies.

That same date Plaintiff filed a Step I grievance against Defendant, requesting $250,000 in punitive damages for Defendant's violation of his First Amendment right to access to the courts.

On April 11, 2013, the Step I grievance was granted in part because: "the MDOC Central Office has determined that the grievant's mail does qualify as legal mail and also qualifies for expedited handling." The response indicated that Plaintiff's letter would be sent as expedited legal mail, but the request for punitive damages was denied.

Plaintiff pursued his request to punitive damages through Step II and III grievances, but he was denied further relief.

Plaintiff does not allege that the delay in sending his legal mail adversely affected the legal proceeding in question.

## IV.  Discussion

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. See *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a viable claim for interference with access to the courts, however, a plaintiff must show actual injury to pending or contemplated litigation. See *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). An inmate fails to state a claim "without any showing of prejudice to his litigation." *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Further, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. 353 & n.3). The *Christopher* Court held that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher*, 536 U.S. at 416.

Plaintiff fails to state an access-to-courts claim because other than indicating that his state court correspondence concerned a support order, he does not describe how failure to timely file the letter of inquiry frustrated any litigation. Indeed, Plaintiff does not allege how he was harmed at all by the short delay in sending his letter. Accordingly, Plaintiff fails to state an access-to-courts claim, and his complaint is subject to summary dismissal.

V. <u>Order</u>

IT IS HEREBY ORDERED that Plaintiff's Complaint is DISMISSED.



<u>s/Denise Page Hood</u>
Denise Page Hood
United States District Judge

Dated:  August 29, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2013, by electronic and/or ordinary mail.

<u>s/LaShawn R. Saulsberry</u>
Case Manager

-4-